RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 18 / 12
ADB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| **SYLVIA SCALLION on behalf of her minor child, PRESLEE SCALLION** | **CIVIL ACTION NO. 11-864** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **NATCHITOCHES PARISH SHERIFF'S DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE KIRK** |

---

# MEMORANDUM RULING

Before the court is a motion for summary judgment[1] filed by defendants Sheriff Victor Jones ("Sheriff") and Sheriff's Deputy Lane LaCaze ("Deputy LaCaze") seeking dismissal of all claims by plaintiff against them. For the reasons expressed below, the court finds that defendants' summary judgment motion should be DENIED in part and GRANTED in part.

## I. BACKGROUND

### A. Relevant Facts

Plaintiff, Sylvia Scallion, brings the above-captioned suit on behalf of her minor child, Preslee Scallion, alleging violation of Preslee's civil rights by defendants the Natchitoches Parish Sheriff's Department ("NPSD"), the Sheriff and Deputy LaCaze. On the evening of June 21, 2010, at approximately 10:15 p.m., Preslee Scallion was present during the arrest of her father, Jamie Desadier ("Desadier"), following a traffic stop in Campti, Louisiana.[2] Preslee was a guest passenger in her father's vehicle. Desadier was stopped by Deputy LaCaze after the deputy

---

[1] R. 9.
[2] R. 1 at ¶ 7.

noticed that Desadier was operating a vehicle displaying no license plate.[3] During the traffic stop, Deputy LaCaze located what he believed to be controlled dangerous substances on the person of Mark Bynog, a guest passenger in the vehicle, and on the floorboard of the vehicle.[4] Desadier and Mark Bynog were arrested and taken into custody.[5] Preslee Scallion, along with several other female guest passengers, was transported to the Natchitoches Sheriff's Office 911 Center ("911 Center").[6] Deputy LaCaze phoned Sylvia Scallion from the scene of the arrest and asked her to meet deputies at the 911 Center to pick up her daughter, Preslee.[7]

After arriving at the 911 Center, Preslee was escorted to a bathroom by Deputy Alice Johnson ("Deputy Johnson"), a female dispatcher at the 911 Center, where she was strip searched.[8] Deputy Johnson recalls that two deputies arrived with Preslee and another female and instructed her to perform searches on Preslee and the other female, but does not recall the identities of these two deputies.[9] Deputy Johnson testified that she advised Preslee as to what she would be asking her to do as part of the search and then had Preslee remove her clothing, including bra and underwear.[10] Deputy Johnson further testified that she searched Preslee's hair and had Preslee squat and cough in order to verify that no foreign objects were being held by Preslee "inside, between her legs[.]"[11] Deputy Johnson also testified that she was aware, prior to

---

[3] Id., R. 9-2 at p. 1.
[4] R. 11-2 at p. 1. Counsel for plaintiff is advised that all future filings before this court should contain numbered pages.
[5] R. 9-2 at p. 3.
[6] R. 9-2 at p. 3; R. 11-2 at p. 2.
[7] R. 9-2 at p. 3. Counsel for defendants is advised that all future filings before this court should contain numbered pages.
[8] R. 11-5 at 11:16:20.
[9] Id. at 11:16 – 12:6.
[10] Id. at 12:17 – 13:3.
[11] Id. at 13:15-16.

commencement of the search that Preslee was a minor, but believed her to be "fifteen or sixteen" years old.[12]

Preslee's testimony regarding the search differs from that of Deputy Johnson. Preslee testified that Deputy Johnson asked her how old she was prior to beginning the search and, once Preslee informed her that she was eleven (11) years old, Deputy Johnson stated to one of the deputies who transported Preslee to the 911 Center '"I don't think we can search her."'[13] Preslee also testified that, while she was asked to remove her underwear, she was not asked to remove her bra.[14]

Plaintiff filed the instant suit on June 10, 2011 against NPSD, Sheriff Jones in his official and individual capacities, Deputy LaCaze in his official and individual capacities and Jane Doe, designated as a female Sheriff's Deputy with NPSD.[15] Plaintiff alleged violations of Preslee's Fourth, Sixth and Fourteenth Amendment rights and sought damages under 42 U.S.C. § 1983.[16] Specifically, plaintiff alleges that the strip search described above violated Preslee's right to be secure in her person against unreasonable search and seizure under the Fourth and Fourteenth Amendments, her right to be advised of the nature and cause of action against her under the Sixth and Fourteenth Amendments and her rights to due process and equal protection under the Fourteenth Amendment.[17] Additionally, plaintiff asserts claims under unspecified portions of the Louisiana Constitution, Louisiana Revised Statutes and Louisiana Civil Code.[18]

---

[12] Id. at 11:4-7.
[13] R. 9-6 at 24:4-9.
[14] Id. at 25:7-23.
[15] R. 1 at ¶ 1.
[16] Id. at ¶ 2.
[17] Id. at ¶ 12.
[18] Id. at ¶ 4.

NPSD was dismissed from the suit on or about January 4, 2012 by order of the Clerk of Court pursuant to Local Rule 41.3.[19] Defendants Sheriff Jones and Deputy LaCaze now seek summary judgment in their favor as to all claims by plaintiff in this matter. This case is currently scheduled for trial by jury on Monday, November 19, 2012.

**B. APPLICABLE STANDARD**

Summary judgment, provided for in Fed. R. Civ. P. 56, is appropriately granted only when the movant shows that there exists no genuine dispute as to any material fact and, therefore, the movant is entitled to judgment as a matter of law.[20] A dispute is "genuine" when the evidence provides a basis for a reasonable jury to return a verdict in favor of the nonmoving party.[21] The existence of a genuine dispute as to any material fact precludes a grant of summary judgment.

Any party seeking summary judgment must cite particular portions of the record, which may include depositions, documents, affidavits or declarations that support the absence of a genuine dispute concerning one or more materials facts.[22] Alternatively, the movant may point out portions of the record which demonstrate the non-moving party's inability to produce evidence in support of one or more claims.[23]

The evidence produced by the parties in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[24] In reviewing the motion, the court will view the evidence in the light most favorable to the non-

---

[19] R. 6.
[20] Fed. R. Civ. P. 56(a).
[21] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986); Little v. Liquid Air Corp., 952 F.2d 841, 847 (5th Cir. 1992).
[22] Fed. R. Civ. P. 56(c)(1).
[23] Id.
[24] Fed. R. Civ. P. 56(c)(2).

moving party.[25] The nonmoving party must, however, offer evidence amounting to more than mere "metaphysical doubt."[26]

## II. ANALYSIS

**Plaintiff's claims against Sheriff Victor Jones**

Plaintiff brings claims for violation of her child's constitutional rights against Sheriff Jones in both his official and individual capacities. Defendants' motion asserts that plaintiff offers no evidence to support her claim that Sheriff Jones failed to properly instruct or supervise deputies working for the NPSD and is, therefore, subject to liability under Section 1983 in this case. Neither party alleges that Sheriff Jones was present or directly involved in the events which form the basis of this suit.

It is well settled that a sheriff may not be held liable for acts or omissions by deputies under his supervision based on the theory of respondeat superior for claims pursuant to 42 U.S.C. § 1983.[27] Instead, as alleged by plaintiff in this case, liability may be based upon the failure to train or supervise when plaintiff shows that: (1) the sheriff failed to supervise or train subordinate officers; (2) a causal link exists between the failure to train or supervise and the violation of plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.[28]

Defendants offer the affidavit of Sheriff Jones, which states, inter alia, that "every patrol deputy sheriff hired by the Natchitoches Parish Sheriff's Office attends...orientation...including, but not being limited to search and seizure..."[29] The affidavit further states that

---

[25] Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Allen v. Rapides Parish School Bd., 204 F.3d 619 (5th Cir. 2000); In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436 (5th Cir. 1982).
[26] Scott v. Harris, 550 U.S. 372 (2007); Meyers v. M/V Eugenio C., 919 F.2d 1070 (5th Cir. 1990).
[27] Monell v. Dept. of Soc. Services, 436 U.S. 658 (1978); Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979).
[28] City of Canton v. Harris, 489 U.S. 378 (1989); Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375 (5th Cir. 2005).
[29] R. 9-4 at ¶ 3.

> [t]he Policy and Procedure Manual of the Natchitoches Sheriff's Office in force and effect on June 21, 2010 contains a section on Search and Seizure, a copy of which is attached to this Affidavit...[30]

Defendants assert that plaintiff offers no evidence in support of her claim against Sheriff Jones for failure to train or supervise and points out that Sheriff Jones' affidavit demonstrates that all NPSD deputies are POST certified and otherwise adequately trained.[31] Defendants further assert that plaintiff does not allege harm by any named individual affiliated with the NPSD, warranting dismissal of all claims against the Sheriff.[32]

Plaintiff offers the deposition testimony of Deputies LaCaze and Johnson, both of whom state that they received no training regarding search and seizure procedure on a minor.[33]

The court has reviewed all of the evidence presented on this issue and finds that defendants have not demonstrated the absence of any genuine dispute regarding material facts. Specifically, the court finds that, based upon the evidence presented, a reasonable jury might find liability on the part of Sheriff Jones for failure to provide training and supervision regarding search and seizure procedure on minors under 42 U.S.C. §1983. Sheriff Jones' affidavit, though stating that deputies under his supervision are each trained according to standard procedures, does not address search and seizure as it relates to minors. The same is true of the portion of the Policy and Procedure Manual attached to Jones' affidavit as an exhibit.

The court also rejects defendants' assertion that plaintiff is unable to name a single NPSD employee who "caused damage" to Preslee. A warrantless strip search of a child without parental consent is a serious matter with numerous constitutional implications, none of which are

---

[30] Id. at ¶ 8.
[31] R. 9-2 at p. 7.
[32] Id.
[33] R. 11-2 at pp. 5-8.

addressed by the parties in this motion.[34] Defendants do not dispute that the search took place or that no parent supplied consent prior to or was present during the search. Moreover, it is clear that defendants have the ability to determine the names of the two deputies who transported Preslee to the 911 Center and, yet, this information is still unknown. Finally, it is clear from Deputy Johnson's own testimony that she is the deputy who conducted the strip search and, as discussed below, Deputy LaCaze admits that it "may" have been he who ordered the search. Accordingly, this argument is meritless at best.

Based upon our finding that defendants have not demonstrated the absence of a basis upon which Sheriff Jones may be found liable in his official capacity under Section 1983 in this case, defendants' motion for summary judgment as to all claims by plaintiff against Sheriff Jones in his official capacity will be denied. The court finds, however, that plaintiff presents no evidence which would support a finding of liability as to Sheriff Jones in his personal capacity and, therefore, defendants' motion will be granted in that respect and all federal and state individual capacity claims against the Sheriff will be dismissed with prejudice.

**Plaintiff's claims against Deputy LaCaze**

Defendants assert that plaintiff presents no evidence that Deputy LaCaze ordered, directed or participated in the alleged unconstitutional search of a minor child.[35] Defendants point out that Preslee's own testimony denies that Deputy LaCaze was present at the 911 Center or directed Deputy Johnson to conduct the search at issue.[36] Under these facts, defendants claim the absence of any genuine dispute regarding Deputy LaCaze's liability in this case.

[34] See, e.g., Safford Unified School Dist. No. 1 v. Redding, 557 U.S. 364 (2009).
[35] R. 9-2 at p. 5.
[36] Id.; R. 9-6 at 21:22-22:10.

Plaintiffs argue that testimony from Deputy Johnson and Preslee demonstrates that genuine issues of fact remain as to who actually ordered that Preslee be searched and that the evidence at trial may show that LaCaze ordered the search while still at the scene of the arrest.[37]

The court has carefully reviewed all of the deposition testimony offered as evidence on this issue. When asked who ordered the female dispatchers to search the females transported to the 911 Center, Deputy LaCaze testified

> I can't say. I'm sure that I – or it's possible that I told them to search the females when they left the scene because that's the reason we were sending Welch in. But I don't know if the – if anyone told them to search [Preslee].[38]

Deputy Johnson testified that she did not remember who ordered her to search Preslee, though she recalls that two deputies transported the females, including Preslee, from the scene of the arrest to the 911 Center.[39]

Preslee testified that Deputy Johnson asked her age prior to commencing the search and, once Preslee informed Deputy Johnson that she was eleven years of age, Deputy Johnson stated to the two transporting deputies "I don't think we can search her," to which one of the unnamed deputies responded, "[h]e told us to search everybody that was in the vehicle."[40]

Given this testimony, defendants have failed to demonstrate the absence of a genuine issue of material fact regarding who ordered the search at issue. Defendants' motion for summary judgment as to plaintiff's claims against Deputy LaCaze will be denied.

---

[37] R. 11-2 at p. 8.
[38] R. 9-3 at 20:13-20.
[39] R. 11-5 at 11:15-20.
[40] R. 11-7 at 24:4-13.

**Louisiana law claims**

Considering the foregoing findings, the court will retain all Louisiana law claims against Sheriff Jones in his official capacity and against Deputy LaCaze in his individual and official capacities for further proceedings.

## III. CONCLUSION

The court finds that defendants' motion for summary judgment should be denied with respect to plaintiff's claims against Sheriff Jones in his official capacity under federal and state law, but finds that defendants' motion should be granted with respect to plaintiff's federal and state law claims against the Sheriff in his individual capacity. The court further finds that defendants' motion for summary judgment should be denied as to all federal and state law claims against Deputy LaCaze.

The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**October 18, 2012**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE