RECEIVED
FEB 21 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SYLVIA SCALLION on behalf of her minor child, PRESLEE SCALLION | CIVIL ACTION NO. 11-864 |
| VERSUS | JUDGE TRIMBLE |
| NATCHITOCHES PARISH SHERIFF'S DEPARTMENT, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND ORDER

Before the court is a motion by defendant Deputy Alice Johnson ("Deputy Johnson") to dismiss all claims against her by plaintiffs in the above-captioned suit.[1] Deputy Johnson was substituted for a previously designated Jane Doe defendant in plaintiffs' amended complaint of October 29, 2012.[2] The instant motion asserts that plaintiffs' Louisiana and federal law claims against Deputy Johnson are prescribed according to the one-year liberative prescriptive period of La. Civ. C. Art. 3492, given that plaintiffs' amendment did not occur until 2012 and the alleged acts giving rise to the suit occurred on or about June 21, 2010.

Defendants further assert that plaintiffs' amended complaint does not relate back to their original complaint under Fed. R. Civ. P. 15(c) because plaintiffs' amendment is not the result of an "error" as that term is interpreted within the context of Rule 15(c). The rule at issue states that

---

[1] R. 22.
[2] R. 21.

1

> An amendment to a pleading relates back to the date of the original pleading when:
>
> *      *      *
>
> (C) the amendment changes the party of the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity.

Defendant cites <u>Jacobsen v. Osborne</u>,[3] among other cases, for the premise that the substitution of a previously-named "Doe" defendant does not constitute an "error" under Rule 15(c). As argued by defendant, Jacobsen instructs that the substitution of a "Doe" defendant does not fall within the relation back doctrine of Rule 15(c), but we agree with plaintiffs that the overarching issue in this matter is prescription, which necessarily implicates the allegation of solidary liability.

Plaintiffs cite <u>Sanchez v. Tangipahoa Parish Sheriff's Office</u>,[4] a 2010 ruling by the Eastern District of Louisiana court, as instructive in this matter. We agree. In <u>Sanchez</u>, the district court considered <u>Jacobsen</u> and distinguished that case on the basis of Louisiana prescription law, made applicable to Sanchez's § 1983 claims. The district court held, citing the Fifth Circuit's ruling in <u>Welch v. Louisiana Power & Light Co.</u>,[5] that the interruption of prescription against solidary obligors is an entirely separate issue from relation back of pleadings. Since plaintiffs in the <u>Sanchez</u> case asserted in their original and amending complaint

---

[3] 133 F.3d 315 (5th Cir. 1998).
[4] 2010 WL 1729381 (E.D.La. 2010).
[5] 466 F.2d 1344 (5th Cir. 1972).

that the defendants were liable "individually, jointly and in solido" to plaintiffs for the wrongs alleged, the court found that no relation back of the amendment adding two defendants was required, since prescription was interrupted as to all alleged tortfeasors under La. Civ. C. Art. 2342(c).

While federal law clearly applies to the relation back of pleadings, prescription is clearly governed by Louisiana law in this case. As such, the court finds that plaintiffs' original and amended complaint, in which plaintiffs allege defendants to be liable "jointly and in solido[,]" evidences the interruption of prescription as against all defendants, including Deputy Alice Johnson, by plaintiffs' filing of suit in June of 2011.[6] For that reason, it is hereby

**ORDERED** that defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is **DENIED** and all claims by plaintiff against Deputy Alice Johnson are preserved for further proceedings.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 21st day of February, 2013.

                                                              JAMES T. TRIMBLE, JR.
                                                         UNITED STATES DISTRICT JUDGE

---

[6] R. 1 at ¶ 11; R. 21, generally.